UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 3:04cr336 (MRK) |
| | : | |
| DAVID FRANCIS | : | |

## RULING AND ORDER

On August 30, 2006, this Court sentenced David Francis to 204 months in prison after he pleaded guilty to two crimes involving crack cocaine. *See* Judgment [doc. # 393]. The Court noted at the time that under the United States Sentencing Guidelines, "the properly calculated Guidelines range" was 262-327 months, since Mr. Francis had been found to be a career offender with a criminal history category of VI and a total offense level of 34. *Id.* The Court also noted, however, that the plea agreement between Mr. Francis and the Government had placed him in criminal history category IV and envisioned a Guidelines range, under § 2D1.1, of 188-235 months. Considering this as well as a variety of other factors, the Court chose to issue a non-Guidelines sentence of 204 months.

On November 13, 2008, Mr. Francis asked the Court to reduce his sentence in light of changes to the crack cocaine guidelines which the Sentencing Commission had made retroactive earlier that year. Soon thereafter, the Second Circuit held in *United States v. McGee* that "a defendant who was designated a career offender but ultimately explicitly sentenced based on a Guidelines range calculated by Section 2D1.1 of the Guidelines is eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) and the crack amendments" of 2008. 553 F.3d 225, 230 (2d Cir. 2009). That is to say, "a defendant whose post-departure

1

sentence was in fact determined by the crack cocaine guidelines" should get the benefit of a reduction to those guidelines. *Id.* at 228-29.

On February 17, 2006, the Court confirmed that it had based Mr. Francis's original sentence on the crack cocaine guideline range that had been in effect in 2006. Thus, pursuant to *McGee* and 18 U.S.C. § 3582(c)(2), the Court ordered that Mr. Francis's sentence be reduced to 167 months, thereby falling within the amended guideline range of 151 to 188 months. *See* Order Reducing Sentence [doc. # 502].

As of November 1, 2011, the guidelines for crack cocaine have once again been amended, and the amendments have been given retroactive application. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010); United States Sentencing Guidelines Manual § 2D1.1 (2011); United States Sentencing Commission, 76 Fed. Reg. 41,332 (July 13, 2011) (on retroactivity). Once again, Mr. Francis has moved, *pro se*, for a reduced sentence. Understandably, he again cites *McGee* in his support.

The problem for Mr. Francis, and others in his situation, is that *McGee* is no longer good law. *See* United States v. Rivera, No. 10-1199-cr, 2011 WL 5022734, at * 13 (2d Cir. Oct. 21, 2011) (recognizing *McGee*'s abrogation). In amending § 1B1.10 of the Guidelines this year, the Sentencing Commission took with one hand as it gave with the other. The Commission made it possible for those sentenced under the crack cocaine guidelines to receive sentence reductions. But at the same time, the Commission changed the way courts determine whether someone was sentenced under the crack cocaine guidelines. The new Commentary to § 1B1.10—which discusses retroactivity, and which this Court must follow, *see* 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 130 S. Ct. 2683 (2010)—makes eligibility for sentencing reductions dependent entirely on a defendant's *pre-departure* offense level and

criminal history category. *See* United States Sentencing Guidelines Manual § 1B1.10 Application Note 1(A). "'[T]he only applicable guideline range'" that matters now in determining whether an amendment applies "'is the one established before any departures.'" United States Sentencing Commission, 76 Fed. Reg. 41,332, 41,334 (July 13, 2011) (quoting *United States v. Guyton*, 636 F.3d 316, 320 (7th Cir. 2011)). The fact that Mr. Francis's originally calculated offense level derived from § 4B1.1 (the career offender guidelines), not § 2D1.1 (the crack cocaine guidelines), means that he is not eligible for a reduction based on the new crack cocaine guidelines, as he would have been under *McGee*.

The Second Circuit has already recognized that the Sentencing Commission's amendment "will dramatically alter the landscape for sentenced prisoners who seek to benefit from this year's retroactive reduction of crack sentences. Among other effects," the Second Circuit added, "the proposed amendment will preclude sentence modifications in situations like the one in *McGee* . . . ." *Rivera*, 2011 WL 5022734, at * 13. Unfortunately, Mr. Francis is in precisely that situation. For that reason, Mr. Francis's Second Motion for Reduction of Sentence [doc. # 555] must be DENIED.

**IT IS SO ORDERED.**

 /s/  Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: November 2, 2011.**

3